**Michael Hugh DAVENPORT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–91–01973–CR to 05–91–01977–CR**

Court of Appeals of Texas,
Dallas.

April 29, 1993.

Rehearing Overruled July 20, 1993.

Ross Teter, Dallas, for appellant.

Jeffrey Keck, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, LAGARDE and KINKEADE, JJ.

## OPINION

BAKER, Justice.

Michael Hugh Davenport appeals five convictions for unlawful delivery of less than twenty-eight grams of amphetamines. Following a plea bargain agreement, appellant pleaded guilty to the offenses alleged in the indictments and true to each enhancement paragraph. A Dallas County magistrate made findings and recommendations. The district court accepted the magistrate's recommendations. The trial court found appellant guilty and assessed a twenty-five year sentence and a $1000 fine in each case.

In each appeal, appellant raises five points of error. He claims the evidence was insufficient to support his convictions. He argues that the magistrate did not preside in a neutral and detached manner, he did not receive effective assistance of counsel, the trial court erred in denying his motions for new trial, and the trial court's sentence imprisons him for debt. We overrule his points of error. We affirm the trial court's judgments.

## TIMELY NOTICE OF APPEAL

In its first counterpoint, the State contends this Court does not have jurisdiction of these appeals because appellant's notices of appeal were untimely. The State argues appellant did not file valid motions for new trial. Therefore, the State contends appellant's notices of appeal were not timely because appellant filed them more than thirty days after the trial court pronounced sentence. *See* Tex.R.App.P. 40. We disagree.

The trial court sentenced appellant on July 12, 1991. Appellant filed "Defendant's Pleadings on Appeal" on July 31, 1991. The forms refer to appellate rules 30, 31, 32, and 34 of the Texas Rules of Appellate Procedure. *See* Tex.R.App.P. 30, 31, 32, 34. The trial court treated these pleadings as motions for new trial and motions in arrest of judgment. The trial judge denied the motions on August 6, 1991. Appellant filed his notice of appeal on September 3, 1991.

The State argues that appellant did not extend the appellate time table by filing these motions. The State argues that appellant did not raise any grounds that would entitle him to a new trial. Whether the motion is effective goes to the merits of the claims made, not the motion's efficacy. *See State v. Gonzalez*, 855 S.W.2d 692, 694, (Tex.Crim.App.1993); *Reyes v. State*, 849 S.W.2d 812, 813–14 (Tex.Crim.App.1993). This argument is spurious. We reject it.

## LIMITATION OF APPELLATE REVIEW OF PLEA BARGAINS

In its second counterpoint, the State claims we should dismiss appellant's first, second, and third points of error because he did not follow rule 40(b)(1) of the Texas Rules of Appellate Procedure. Rule 40(b)(1) provides in part:

[I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and. agreed to by the defendant and his attor-

ney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Tex.R.App.P. 40(b)(1).

■ Here, appellant pleaded guilty under article 1.15 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977). The trial court assessed the punishment agreed to by the State, appellant, and his attorney. Appellant's notices of appeal do not state that the trial court granted permission to appeal any nonjurisdictional defects or errors occurring before the entry of the plea. It does not specify the matters raised by written motion and ruled on before trial. Although we cannot consider nonjurisdictional defects that occurred before entry of the plea, we have jurisdiction to review alleged errors that affect the validity of the guilty plea. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990); *Walker v. State*, 843 S.W.2d 716, 717 (Tex.App.—Dallas 1992, pet. filed).

## SUFFICIENCY OF THE EVIDENCE

■ In his first point of error, appellant contends that the evidence is insufficient to support his guilty pleas. This point involves a matter that occurred after appellant pleaded guilty. Rule 40(b)(1) does not bar consideration of this point. *Davis v. State*, 773 S.W.2d 404, 406 (Tex.App.—Fort Worth 1989, pet. granted).[1]

■ Article 1.15 of the Texas Code of Criminal Procedure provides that when a defendant waives his right to a jury trial in a felony case:

[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted

upon his plea without sufficient evidence to support the same.

TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977).

The State introduced into evidence appellant's written confession that he committed the offenses as charged in the indictments. Appellant took the stand and testified under oath that the contents of the indictments were true and correct. Contrary to appellant's contentions, his sworn testimony and written stipulation are judicial confessions. *See Cevalles v. State*, 513 S.W.2d 865, 866 (Tex.Crim.App.1974); *see also Sexton v. State*, 476 S.W.2d 320, 320 (Tex.Crim.App.1972). Appellant's sworn testimony that he is guilty as charged in the indictments, without elaboration, was enough to sustain the trial court's verdict. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex.Crim.App.1979). We overrule appellant's first point of error.

## NEUTRAL AND DETACHED MAGISTRATE

In his second point of error, appellant contends the magistrate prejudiced his right to a fair trial by not acting in a neutral and detached manner. Appellant argues that the magistrate satisfied the State's burden of proof by asking appellant if he "agreed and stipulated that the allegations in each indictment was true and correct." Assuming, without deciding, that appellant's complaint attacks the validity of his guilty plea, we may review this point despite appellant's failure to follow rule 40(b)(1). *See Walker v. State*, 843 S.W.2d at 716.

■ At appellant's request, the trial court referred the causes to a magistrate in compliance with the Dallas County Magistrate's Act (Magistrate's Act). *See* TEX. GOV'T CODE ANN. §§ 54.301–313 (Vernon 1988). The Magistrate's Act provides that the district judge's referral order may limit the duties that the magistrate is to perform in that case. TEX.GOV'T CODE ANN. § 54.308 (Vernon 1988); *Rabb v. State*, 730 S.W.2d

---

1. We are aware of the recent decision of the First Court of Appeals to the contrary. *See Rhem v. State*, 846 S.W.2d 870, 873–74 (Tex. App.—Houston [1st Dist.] 1992, no pet. h.) (not yet published). We decline to follow *Rhem.*

751, 753 (Tex.Crim.App.1987). Unless the referral order prohibits it, the magistrate has the power to examine witnesses. TEX. GOV'T CODE ANN. § 54.308(a)(6) (Vernon 1988).

■ The trial court referred appellant's causes to the magistrate under a general order for appellant to enter his plea according to the plea bargain agreement. The record reflects the magistrate swore in appellant. The magistrate asked appellant about his correct name. The magistrate asked him whether he agreed and stipulated that the allegations in each of the indictments were true and correct. Under the trial court's general order, the magistrate had the power to examine appellant as a witness. See TEX.GOV'T CODE ANN. § 54.308(a)(6) (Vernon 1988). The magistrate acted within the authority given in the order. We conclude appellant received a fair trial. We overrule appellant's second point of error.

## MOTIONS FOR NEW TRIAL

In his fourth point of error, appellant claims the trial court erred in overruling his motions for new trial based on ineffective assistance of counsel. In his brief, appellant asserts that his counsel was ineffective for the same reasons he urged in his third point of error. The State does not contend that rule 40(b)(1) bars our consideration of this point.

■ The grant or denial of a motion for new trial is a matter entirely within the trial court's discretion. *Appleman v. State*, 531 S.W.2d 806, 810 (Tex.Crim.App. 1975); *State v. Gonzalez*, 820 S.W.2d 9, 11 (Tex.App.—Dallas 1991, pet. granted). This Court will not reverse the trial court's denial of a new trial absent a clear showing of abuse of discretion. *Appleman*, 531 S.W.2d at 810.

■ The record must affirmatively support claims of ineffective assistance of counsel. *See Smith v. State*, 676 S.W.2d 379, 385 (Tex.Crim.App.1984), *cert. denied*, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985). Nothing in the record supports appellant's claim that his counsel did not fully investigate the case and advise appellant of the law applicable to the charge. Because we have held the evidence sufficient to support appellant's convictions, appellant's counsel was not ineffective for failure to move for acquittal when the State rested. We have held the magistrate acted within the authority granted in the trial court's referral order. Therefore, appellant's counsel was not ineffective for failing to object when the magistrate questioned appellant.

The record also does not support appellant's contention that his lawyer did not correctly advise him of his right to appeal. We conclude that appellant received effective representation in the trial court under *Strickland v. Washington*. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984). We conclude the trial court did not abuse its discretion in denying appellant's motions for new trial. We overrule appellant's fourth point of error.

## EFFECTIVE ASSISTANCE OF COUNSEL

In his third point of error, appellant contends he did not receive effective assistance of counsel. Assuming, without deciding, that appellant's complaint attacks the validity of his guilty plea, we review this point despite appellant's failure to follow rule 40(b)(1) TEX.R.APP.P. 40(b)(1); *Walker v. State*, 843 S.W.2d at 716.

We have already held that appellant received effective assistance of counsel. We overrule appellant's third point of error.

## IMPRISONMENT FOR DEBT

In his fifth point of error, appellant claims the trial court denied him due process. Appellant claims the trial court should have made a determination of his indigency before sending appellant to prison for appellant's failure to pay court costs. Appellant also contends that the trial court's assessment of a fine in addition to his jail sentence is imprisonment for debt in violation of the due process and equal protection clauses of the state and federal constitutions as well as article I,

section 18 of the Texas Constitution. The State concedes that we have jurisdiction to hear this point.

The trial court signed an order adopting the magistrate's finding that appellant was indigent and financially unable to employ counsel. The trial court appointed counsel to represent appellant in his defense. Appellant's claim that the trial court did not determine his indigency is without merit.

■ This Court recently held that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the imprisonment of an indigent person for failure *immediately* to pay a fine. *Shafer v. State,* 842 S.W.2d 734, 736 (Tex.App.—Dallas 1992, pet. ref'd); *see Tate v. Short,* 401 U.S. 395, 398, 91 S.Ct. 668, 670–71, 28 L.Ed.2d 130 (1971). As in *Shafer,* appellant has not shown he has completed his term of imprisonment.

The trial court pronounced sentence on July 12, 1991. The punishment the trial court imposed in each case was within the statutory range for the offense appellant committed. *See* Tex.Health & Safety Code Ann. §§ 481.112, 481.106 (Vernon 1992). Appellant has not shown he has completed his term of imprisonment and that his confinement is solely because he did not pay his fines. *Cf. Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Doe v. Angelina County,* 733 F.Supp. 245, 252 (E.D.Tex.1990); *Thompson v. State,* 557 S.W.2d 521, 525 (Tex.Crim.App.1977). As long as the fines are not the cause of his confinement, we do not reach the issue of whether appellant's confinement for a fine violates the due process and equal protection clauses of the state and federal constitutions or article I, sections 3, 18, and 19 of the Texas Constitution. We overrule appellant's fifth point of error.

We affirm the trial court's judgments.