George Ray ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–91–01294–CR, 05–91–01295–CR.

Court of Appeals of Texas, Dallas.

Nov. 3, 1993.

Kerry P. Fitzgerald, Dallas, for appellant.

Michael J. Sandlin, Dallas, for appellee.

Before BAKER, BURNETT and MORRIS, JJ.

## OPINION

BAKER, Justice.

The State charged appellant with two aggravated robbery offenses. Appellant pleaded guilty to both offenses under a plea bargain agreement. The trial court assessed a sixteen year sentence and a five hundred dollar fine according to the plea bargain agreement.

Appellant contends the trial court erred because the trial court did not properly admonish him before accepting his guilty plea. He argues the evidence was insufficient to support his convictions or the trial court's affirmative finding that he used a deadly weapon. He complains the imposition of a fine violates the United States and Texas Constitutions. Finally, appellant contends the trial court's deadly weapon finding made his plea involuntary in violation of his federal and state constitutional rights. We find these contentions without merit. We affirm the trial court's judgment.

## THE PROCEDURAL HISTORY

Appellant appeared in court with counsel to plead guilty to two aggravated robbery offenses. The trial court discussed with appellant the charges against him. The Court asked if there was a plea bargain agreement and asked about the terms of the plea bargain agreement. The court told appellant the recommended punishment. Appellant stated he understood the recommended punishment and the rest of the plea bargain agreement. The court asked appellant about the voluntariness of his guilty plea. Appellant told the court he was pleading guilty by his own decision.

Appellant signed a judicial confession admitting his guilt to both offenses exactly as alleged in the indictments. Appellant signed a waiver of jury trial and a waiver of appearance, confrontation, and cross examination of witnesses. Appellant signed a consent to stipulation of evidence by affidavit or oral testimony. Appellant signed a plea of true to the enhancement paragraph of the indictment. Finally appellant and his counsel signed the trial court's written admonishments about appellant's guilty plea.

The State introduced the judicial confession, the waivers, the consent to stipulation of facts, and the plea of true to the enhancement paragraph. The trial court approved the waivers, the plea of true, and the plea bargain agreement. Appellant testified that he was the individual named and charged in the indictments. He pleaded guilty to the offenses exactly as alleged in the first paragraph of each indictment.

The trial court found appellant's guilty pleas were voluntary and he was competent to make the pleas. The trial court set punishment according to the plea bargain agreement.

## RIGHT TO APPEAL

In its first counterpoint, the State contends appellant has no right to appeal. The State notes appellant pleaded guilty and the trial court sentenced him under the terms of the plea bargain agreement. The State notes appellant's preprinted notice of appeal does not comply with rule 40(b)(1) of the Rules of Appellate Procedure. *See* TEX. R.APP.P. 40(b)(1). The State argues appellant has no right to appeal and has waived nonjurisdictional defects.

We have already ruled adversely to the State's contention on this issue. *See Walker v. State,* 843 S.W.2d 716, 717 (Tex.App.— Dallas 1992, pet. ref'd); *Soto v. State,* 837 S.W.2d 401, 404 (Tex.App.—Dallas 1992, no pet.). We again reject the State's contention.

## ADMONISHMENTS

In points of error one through four, appellant claims we should reverse this case because the trial court did not properly admonish appellant as required by applicable law. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989). Specifically appellant argues the trial court did not admonish him about the consequences of his guilty pleas. He complains that the trial court did not tell him the prosecutor's recommendation in the plea bargain agreement did not bind the court.

We have already ruled adversely to appellant on these same complaints. The record contained appellant's signed plea bargain and a complete set of written admonishments including an acknowledgement signed by appellant and his counsel. Additionally the record shows the trial court sentenced appellant according to the plea bargain agreement. These admonishments comply with article 26.13. *See Smith v. State*, 857 S.W.2d 71, 74 (Tex.App.—Dallas 1993, pet. denied). We overrule appellant's points of error one through four.

## SUFFICIENCY OF THE EVIDENCE

In points of error five through eight appellant contends the evidence is insufficient to support the convictions and the deadly weapon finding. The record contains appellant's judicial confession that states he pleads guilty to the offense of aggravated robbery exactly as alleged in the indictment. The record also reflects appellant testified he was pleading guilty to aggravated robbery in each case exactly as alleged in the indictments. We have already held this is enough evidence to support a conviction under a guilty plea. *See Davenport v. State*, 858 S.W.2d 1, 3 (Tex.App.—Dallas 1993, no pet.). We also determine and hold that this record has enough evidence to support the trial court's affirmative deadly weapon finding. *See Davenport*, 858 S.W.2d at 3; *Smith*, 857 S.W.2d at 75. We overrule appellant's points of error five through eight.

## FINES AND COSTS

In points of error nine through eighteen, appellant contends the trial court's imposition of a fine and court costs in each case violates his federal and state constitutional rights. Appellant argues that by imposing the fines and the court costs, the trial court has imprisoned him for debt. We disagree.

We have already held adversely to appellant's arguments. *See Davenport*, 858 S.W.2d at 5; *Smith*, 857 S.W.2d at 75. The record in this case shows the trial court announced sentence in both cases on August 15, 1991. Appellant has not shown he has completed his term of imprisonment and that his confinement is solely because he did not pay fines or court costs. *See Davenport*, 858 S.W.2d at 5. We overrule appellant's points of error nine through eighteen.

## THE TRIAL COURT'S FINDING ON USE OF A DEADLY WEAPON

In points of error nineteen through thirty, appellant contends the deadly weapon finding caused his guilty plea to be involuntary and violated his due process rights under the United States and Texas Constitutions. Appellant asserts his guilty plea was involuntary because he did not have notice of the finding. He asserts his plea violated his due process and due course of law rights because of lack of notice. Finally, he asserts the trial court sentenced him in his absence.

Appellant claims he lacked notice because: (1) the trial court did not tell him about the deadly weapon finding; (2) the plea bargain agreement was silent on the deadly weapon finding; and (3) the trial court did not orally announce the deadly weapon finding.

### A. Applicable Law

#### 1. Federal Law

A guilty plea is voluntary if it is an intelligent admission that the accused committed the offense. *See Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). If the defendant has an incomplete understanding of the charge against him, his guilty plea can be involuntary. *Smith*, 312 U.S. at 334, 61 S.Ct. at 574.

Under Texas law a deadly weapon finding requires a convicted defendant to serve one quarter of his sentence without counting good time before he is eligible for

parole. TEX.CODE CRIM.PROC.ANN. art. 42.18, § 8(b)(3) (Vernon Supp.1993). Because the parole board has discretion in determining whether to parole an inmate, article 42.18 does not give a defendant a legitimate expectation of parole. *See Williams v. Briscoe,* 641 F.2d 274, 276 (5th Cir.), *cert. denied,* 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981). Federal law provides due process protection only when individuals have a legitimate expectation about the matter involved. *See Greenholtz v. Inmates of Nebr. Penal & Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The deadly weapon finding did not violate appellant's due process rights under the United States Constitution.

### 2. Texas Law

The Texas Court of Criminal Appeals has determined that the Texas Constitution affords defendants greater protection than the United States Constitution. *Johnson v. State,* 784 S.W.2d 413, 414 (Tex.Crim. App.1990). The court found that article 1 § 19 of the Texas Constitution requires notice and hearing on the issue of a deadly weapon finding. TEX. CONST. art. 1, § 19; *Ex parte Patterson,* 740 S.W.2d 766, 774 (Tex. Crim.App.1987). A defendant must have notice, in some form, that the State intends to pursue the entry of an affirmative finding on the use or exhibition of a deadly weapon. *Narron v. State,* 835 S.W.2d 642, 643 (Tex. Crim.App.1992); *Grettenberg v. State,* 790 S.W.2d 613, 614 (Tex.Crim.App.1990). Specifically pleading use of a deadly weapon in an indictment gives a defendant notice of the issue and satisfies due course of law under article 1 § 19 of the Texas Constitution. *Ex parte Patterson,* 740 S.W.2d at 776.[1]

A plea agreement silent on deadly weapon findings will not prevent a trial court from making such a finding. *See Ex parte Williams,* 758 S.W.2d 785, 786 (Tex. Crim.App.). If a defendant pleads guilty to an indictment that includes an allegation that he used a deadly weapon, the trial court may make a deadly weapon finding. *Ex parte Franklin,* 757 S.W.2d 778, 784 (Tex.Crim. App.1988). Texas law does not entitle a defendant to specific performance of an issue on which a plea bargain agreement is silent. *Ex parte Williams,* 758 S.W.2d at 786. Unless exclusion of a deadly weapon finding was part of the plea agreement, an appellant cannot claim the finding adversely affected his plea agreement. *Ex parte Williams,* 758 S.W.2d at 786.

On an affirmative finding of the use of a deadly weapon during an aggravated robbery, the trial court shall enter that finding in its judgment. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1993). A person convicted of aggravated robbery with a deadly weapon finding is not eligible for parole until he has served one quarter of his sentence without counting good time. *See* TEX.CODE CRIM.PROC.ANN. art. 42.18, § 8(b)(3) (Vernon Supp.1993). Additionally, because of the very nature of the offense, aggravated robbery, the Code of Criminal Procedure requires service of one quarter of the sentence without counting good time. *See* TEX.CODE CRIM.PROC.ANN. art. 42.18, § 8(b)(3) (Vernon Supp.1993). A deadly weapon finding is not part of a defendant's sentence. *Marshall v. State,* 860 S.W.2d 142, 143 (Tex.App.—Dallas 1993, no pet.). A trial court does not have to announce orally a deadly weapon finding at sentencing. *Marshall,* 860 S.W.2d at 143.

### B. Application of Law to Facts

#### 1. Federal Law

Appellant's argument the trial court denied him due process under the United States Constitution because of inadequate notice on the deadly weapon issue is without merit. A deadly weapon finding only affects a defendant's eligibility for parole. Federal

---

1. In *Ex parte Beck,* 769 S.W.2d 525, 528 (Tex. Crim.App.1989), the Court of Criminal Appeals held that the murder indictment allegation that Beck caused the death of a complainant by shooting him with a gun sufficiently notified Beck that the deadliness of the gun was an issue at trial. *Ex parte Beck* overruled *Ex parte Patter-* son to the extent it could be interpreted to conflict with that holding. *Ex parte Beck,* 769 S.W.2d at 528. The modification of *Ex parte Patterson* does not affect its holding that a specific deadly weapon allegation in an indictment gives the defendant sufficient notice.

law does not afford a Texas defendant due process protection on a deadly weapon finding because he does not have a legitimate expectation of parole. *Ex parte Patterson*, 740 S.W.2d at 771.

▮ Appellant claims his guilty plea was involuntary because he did not receive notice of the deadly weapon issue. At appellant's plea hearing the following exchange occurred:

THE COURT: And you are indicted for the offense of aggravated robbery; is that correct?

DEFENDANT: Yes.

\* \* \* \* \* \*

COURT: The first question I want to ask of you is, sir, do you understand, in each of these cases, what you're charged with and what the effect of those two paragraphs on the indictment would be?

DEFENDANT: Yes.

\* \* \* \* \* \*

DEFENSE COUNSEL: Mr. Alexander fully understands the allegations in each paragraph of the indictment and enters his plea of guilty and true.

THE COURT: What is your plea to the first paragraph in each indictment, guilty or not guilty, sir?

DEFENDANT: Guilty.

There must be proof appellant fully understood the charges against him when he pleaded guilty. The record shows appellant understood the allegations in the indictment. His guilty plea was voluntary and effective as an intelligent admission of his guilt to the charges alleged in the indictment.

### 2. Texas Law

▮ Appellant complains that the trial court did not specifically tell him about the deadly weapon finding. The indictments charging appellant included allegations that he used and exhibited "a deadly weapon, to wit: a knife." The indictments gave appellant adequate notice that use of a deadly weapon was an issue in the case. *Ex parte Beck*, 769 S.W.2d at 527; *Ex parte Patterson*, 740 S.W.2d at 775. We find appellant's guilty plea was voluntary because appellant had adequate notice of the deadly weapon issue.

▮ Appellant complains he did not have notice of the issue because the plea bargain agreement was silent about it. However, the indictment gave him notice of the issue. *Ex parte Patterson*, 740 S.W.2d at 775. Texas law does not require plea bargain agreements to address the potential for a deadly weapon finding. *See Ex parte Williams*, 758 S.W.2d at 786.

▮ Appellant contends the deadly weapon finding adversely altered the plea bargain agreement. The deadly weapon finding could not adversely affect the plea bargain agreement because the agreement was silent on the issue. *Ex parte Williams*, 758 S.W.2d at 786.

▮ Appellant claims the trial court denied him fair notice and hearing by entering the deadly weapon finding in its judgment in his absence. The allegations in the indictments gave appellant fair notice of the issue. Appellant testified *he understood the charges against him.* According to his own testimony appellant had notice of the potential for a deadly weapon finding when he pleaded guilty. We find the trial court afforded appellant due course of law.

▮ Appellant complains the trial court's failure to announce the deadly weapon finding when it sentenced him constituted sentencing in his absence. The statutory scheme does not require the trial court to make the finding orally at sentencing. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1993). We have already ruled adversely to appellant's assertion that the trial court had to announce orally the deadly weapon finding at sentencing. *Marshall*, 860 S.W.2d at 143.

### C. Conclusion

We find appellant's guilty plea was voluntary because the record shows he had notice and understanding of the charges against him. Since he understood the charges against him, his guilty plea was an effective admission of his guilt under federal law.

Texas law requires due course of law safeguards for defendants facing a deadly weapon finding. We find the State gave appellant fair notice on the deadly weapon issue by the allegations in the indictments. It is irrelevant to the question of notice that the plea bargain agreement was silent about the potential for a deadly weapon finding.

Texas law does not require trial courts to announce deadly weapon findings at sentencing. The deadly weapon finding was not part of appellant's sentence. In any event, the error, if any, is harmless because appellant pleaded guilty to aggravated robbery, an offense that requires service of one quarter of the sentence without counting good time. We hold the trial court afforded appellant due course of law under the Texas Constitution and that his guilty plea was voluntary. We overrule appellant's points of error nineteen through thirty. We affirm the trial court's judgment.