TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00449-CR







Dwayne Richard Mooney, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,724, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






PER CURIAM


 Appellant pleaded guilty and judicially confessed to an indictment accusing him of
aggravated assault with a deadly weapon. The district court found that the evidence substantiated
appellant's guilt but, pursuant to a plea bargain, deferred further proceedings and placed appellant on
community supervision. Later, on the State's motion, the court revoked supervision, adjudicated appellant
guilty, and imposed sentence of imprisonment for ten years.

 Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
advancing contentions which counsel says might arguably support the appeal. See also Penson v. Ohio,
488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516
S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); 
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

 The first of the arguable points asserts that the district court did not properly admonish
appellant regarding the range of punishment for this offense. Because the point of error does not assert that
this rendered the guilty plea involuntary, this point of error cannot be advanced in light of appellant's general
notice of appeal. Flowers v. State, 935 S.W.2d 131 (Tex. Crim. App. 1996). The other arguable points
concern the adequacy of the evidence as to the alleged violations of the supervisory conditions. No appeal
may be taken from the determination to proceed to adjudication. Phynes v. State, 828 S.W.2d 1 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v.
State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West
Supp. 1997). In his pro se brief, appellant also complains that he was not properly admonished
at the time he pleaded guilty. Like counsel's brief, the pro se brief does not urge that this rendered the plea
involuntary. In any event, contrary to appellant's contention, the district court correctly informed appellant
that aggravated assault is a third degree felony. The instant offense was committed on August 26, 1994,
before the punishment was increased. See Act of May 28, 1989, 71st Leg., R.S., ch. 939, § 1, 1989 Tex.
Gen. Laws 4003 (Tex. Penal Code Ann. § 22.02(c), since amended). Pro se points of error one and two
are overruled.

 In his remaining pro se point of error, appellant contends his plea was involuntary because
the district court did not admonish him about the deadly weapon allegation and the effect it would have on
parole eligibility. The court's admonitions complied with article 26.13. Tex. Code Crim. Proc. Ann. art.
26.13 (West 1989). Appellant cannot claim a lack of notice because the indictment alleged the use of a
deadly weapon and the plea bargain agreement signed by appellant stated that an affirmative finding would
be made. See Alexander v. State, 868 S.W.2d 356, 360-62 (Tex. App.--Dallas 1993, no pet.). Failing
to admonish appellant regarding parole eligibility did not render his guilty plea involuntary. See Ex parte
Evans, 690 S.W.2d 274 (Tex. Crim. App. 1985). Pro se point of error three is overruled.

 The judgment of conviction is affirmed.



Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 1, 1997

Do Not Publish


v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,724, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






PER CURIAM


 Appellant pleaded guilty and judicially confessed to an indictment accusing him of
aggravated assault with a deadly weapon. The district court found that the evidence substantiated
appellant's guilt but, pursuant to a plea bargain, deferred further proceedings and placed appellant on
community supervision. Later, on the State's motion, the court revoked supervision, adjudicated appellant
guilty, and imposed sentence of imprisonment for ten years.

 Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
advancing contentions which counsel says might arguably support the appeal. See also Penson v. Ohio,
488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516
S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); 
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

 The first of the arguable points asserts that the district court did not properly admonish
appellant regarding the range of punishment for this offense. Because the point of error does not assert that
this rendered the guilty plea involuntary, this point of error cannot be advanced in light of appellant's general
notice of appeal. Flowers v. State, 935 S.W.2d 131 (Tex. Crim. App. 1996). The other arguable points
concern the adequacy of the evidence as to the alleged violations of the supervisory conditions. No appeal
may be taken from the determination to proceed to adjudication. Phynes v. State, 828 S.W.2d 1 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v.
State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West
Supp. 1997). In his pro se brief, appellant also complains that he was not properly admonished
at the time he pleaded guilty. Like counsel's brief, the pro se brief does not urge that this rendered the plea
involuntary. In any event, contrary to appellant's contention, the district court correctly informed appellant
that aggravated assault is a third degree felony. The instant offense was committed on August 26, 1994,
before the punishment was increased. See Act of May 28, 1989, 71st Leg., R.S., ch. 939, § 1, 1989 Tex.
Gen. Laws 4003 (Tex. Penal Code Ann. § 22.02(c), since amended). Pro se points of error one and two
are overruled.

 In his remaining pro se point of error, appellant contends his plea was involuntary because
the district court did not admonish him about the deadly weapon allegation and the effect it would have on
parole eligibility. The court's admonitions complied with article 26.13. Tex. Code Crim. Proc. Ann. art.
26.13 (West 1989). Appellant cannot claim a lack of notice because the indictment alleged the use of a
deadly weapon and the plea bargain agreement signed by appellant stated that an affirmative finding would
be made. See Alexander v. State, 868 S.W.2d 356, 360-62 (Tex. App.--Dallas 1993, no pet.). Failing
to admonish appellant regarding parole eligibility did not render his guilty plea involun