AFFIRMED as Modified; Opinion Filed September 26, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00219-CR
No. 05-12-00220-CR

**ANGEL AGUILAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-45384-R, F10-45385-R**

## MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

Angel Aguilar waived a jury and pleaded guilty to delivery of heroin in an amount of four grams or more but less than 200 grams and possession with intent to deliver heroin in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010). The trial court assessed punishment at eight years' imprisonment and a $500 fine in each case. In three points of error, appellant contends the deadly weapon finding should be deleted in one case, and the judgments should be modified to show he entered open pleas. We modify the trial court's judgments and affirm as modified. The background of the cases and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts.

We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## DEADLY WEAPON FINDING

In his first point of error, appellant contends the judgment in cause no. 05-12-00220-CR should be modified to delete the affirmative deadly weapon finding. The State responds the record contains sufficient evidence to support the deadly weapon finding.

Article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure permits the entry of a deadly weapon finding when it is shown that a defendant used or exhibited a deadly weapon in the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2011). A deadly weapon means a firearm or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2012). In the context of a deadly weapon finding, the term "use" means any employment of a deadly weapon, even simple possession, if that possession facilitates the associated felony. *See Coleman v. State*, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004); *Smith v. State*, 176 S.W.3d 907, 919 (Tex. App.—Dallas 2005, pet. ref'd).

The indictment alleged appellant used or exhibited a deadly weapon, a firearm, during commission of the offense. Appellant pleaded guilty and judicially confessed to the offense as alleged in the indictment. Appellant's judicial confession and stipulation of evidence tracks the language in the indictment, including the use and exhibition of a deadly weapon, a firearm. Appellant's judicial confession sufficiently supports the deadly weapon finding contained in the judgment. *See Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996) (it is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea); *see also Alexander v. State*, 868 S.W.2d 356, 360 (Tex. App.—Dallas 1993, no pet.). We conclude the

evidence presented is sufficient to support the affirmative deadly weapon finding. We overrule appellant's first point of error.

### MODIFY JUDGMENTS

In his second and third points of error, appellant contends the judgments should be modified to show he entered "open" guilty pleas and did not have a plea agreement. The State agrees appellant is entitled to have the judgments modified as he requests.

The judgments state there was a plea agreement for eight years' imprisonment. The record shows there was no plea bargain agreement in either case. Thus, the judgments are incorrect. We sustain appellant's second and third points of error. We modify the judgments to show the terms of plea bargain were "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

We note there are two other errors contained in the judgment for cause no. 05-12-00220-CR. First, the judgment does not show a fine. The record shows the trial court orally pronounced a $500 fine in each case when it found appellant guilty and imposed the eight-year sentences. When a conflict exists between the oral pronouncement and the written judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We modify the judgment in cause no. 05-12-00220-CR to include the $500 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27-28; *Asberry*, 813 S.W.2d at 529-30.

The judgment in cause no. 05-12-00220-CR identifies the offense for which appellant was convicted as "delivery controlled substance heroin 4G." Appellant was indicted for and pleaded guilty to possession with intent to deliver heroin in an amount of four grams or more but less than 200 grams. We modify the judgment to show the correct name of the offense for which appellant was convicted is "possession with intent to deliver heroin 4G." *Id.*

## CONCLUSION

In cause no. 05-12-00219-CR, we modify the judgment to show the terms of plea bargain are "open." As modified, we affirm the trial court's judgment.

In cause no. 05-12-00220-CR, we modify the judgment to show: (1) the name of the offense is "possession with intent to deliver heroin 4G;" (2) the terms of plea bargain are "open;" and (3) the fine is $500. As modified, we affirm the trial court's judgment.


_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120219F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGEL AGUILAR, Appellant

No. 05-12-00219-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-45384-R).
Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 26, 2012.

DOUGLAS S. LANG
JUSTICE