AFFIRM; Opinion Filed November 5, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00978-CR
No. 05-11-00979-CR
No. 05-11-00981-CR

## RYAN SCOTT MIRACLE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court
Rockwall County, Texas
Trial Court Cause Nos. 2-11-85, 2-11-86, and 2-11-88

# OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

Appellant Ryan Scott Miracle, one of several accomplices, was charged with three counts

of aggravated robbery. Appellant entered an open plea of guilty in all three cases and was sentenced

by the trial court to concurrent sentences of eight years in prison in each case. In one issue on appeal

appellant argues that his pleas were involuntary. We resolve appellant's sole issue against him and

affirm.

Appellant argues that his guilty pleas were not made knowingly and voluntarily because

(1) the indictments allege the use of a "BB gun" and "BB Shotgun," which are not deadly weapons;

and (2) he only furnished the vehicle used in the robberies and "did not himself use or exhibit any

weapon." Stated differently, appellant argues that his pleas to the charges of aggravated robbery were not entered knowingly and voluntarily because he "did not use or exhibit any weapon at all [and] the weapon used by others was not a firearm or deadly." In a related argument, appellant also complains that the trial court's admonishment "failed to correctly state the law" because without the deadly weapon findings appellant could have been found guilty of the lesser included offense of robbery and "straight probation would have become a punishment option."

To the extent that appellant is complaining about a substantive defect in the indictment, he has waived this complaint by not raising it before his guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Jack v. State*, 871 S.W.2d 741, 743 (Tex. Crim. App. 1994) ("[A] nonnegotiated guilty plea waives all nonjurisdictional defects occurring prior to the entry of the guilty plea.").

And to the extent that appellant is complaining about the sufficiency of the evidence to support the deadly weapon findings, we conclude that appellant's judicial confessions are sufficient to support the findings. The indictments alleged that appellant used or exhibited a deadly weapon during commission of the aggravated robberies. Appellant pleaded guilty and judicially confessed to committing "each and every allegation" contained in the indictments. Appellant's judicial confessions, alone, are sufficient to support the deadly weapon findings contained in the written judgments. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g) ("It is well settled that a judicial confession, *standing alone*, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of Article 1.15." (internal citations omitted)); *see also Alexander v. State*, 868 S.W.2d 356, 361 (Tex. App.—Dallas 1993, no pet.) ("If a defendant pleads

guilty to an indictment that includes an allegation that he used a deadly weapon, the trial court may make a deadly weapon finding.").

Finally, with respect to appellant's argument that his pleas were involuntary, we note that appellant did not complain to the trial court about the voluntariness of his guilty pleas either before or after his sentencing. Under Texas Rule of Appellate Procedure 33.1, a party must first complain to the trial court and obtain a ruling in order to preserve most complaints for appellate review. *See* TEX. R. APP. P. 33.1. The court of criminal appeals and this Court have held that the rule 33.1 requirement of preservation of error applies to complaints about the voluntariness of a guilty plea. *See Mendez v. State*, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004); *Aldrich v. State*, 53 S.W.3d 460, 468–69 (Tex. App.—Dallas 2001), *aff'd*, 104 S.W.3d 890 (Tex. Crim. App. 2003). We conclude that appellant has not preserved his complaint about the voluntariness of his guilty pleas for appellate review. But even if appellant had preserved this issue for appellate review, we would resolve it against him. There is no evidence in the record that appellant's guilty pleas were not made knowingly and voluntarily. To the contrary, the record demonstrates that the trial court admonished appellant as to the range of punishment for the first-degree felony of aggravated robbery, and that appellant fully understood the proceedings, including the trial court's admonishments and the effects of his guilty pleas.

## CONCLUSION

We resolve appellant's sole issue against him and affirm the trial court's judgments.

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110978F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RYAN SCOTT MIRACLE, Appellant

No. 05-11-00978-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 439th Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-11-85).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 5, 2012.

ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RYAN SCOTT MIRACLE, Appellant

No. 05-11-00979-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 439th Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-11-86).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 5, 2012.


ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RYAN SCOTT MIRACLE, Appellant

No. 05-11-00981-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 439th Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-11-88).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 5, 2012.


ELIZABETH LANG-MIERS
JUSTICE