ACCEPTED
06-14-00233-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/23/2015 3:58:10 PM
DEBBIE AUTREY
CLERK

**No. 06-14-00233-CR**

*IN THE COURT OF APPEALS*
*FOR THE SIXTH DISTRICT OF TEXAS*
*AT TEXARKANA, TEXAS*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/26/2015 3:58:10 PM
DEBBIE AUTREY
Clerk

**TRAVIS SHANE BROWN,**
**Appellant**

**vs.**

**THE STATE OF TEXAS,**
**Appellee**

*On appeal from Criminal District Court No. 3*
*of Dallas County, Texas*
*In Cause No. F14-18343-J*

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW**

*Counsel of Record:*

Lynn Richardson
Chief Public Defender
Dallas County, Texas

Katherine A. Drew
Chief, Appellate Division
Dallas County Public Defender's Office

Julie Woods
Assistant Public Defender
State Bar No. 24046173
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399
(214) 653-3550 *(phone)*
(214) 653-3539 *(fax)*
Julie.Woods@dallascounty.org

*Attorneys for Appellant*

# LIST OF PARTIES

**APPELLANT**
Travis Shane Brown

**DEFENSE COUNSEL AT TRIAL**
Pamela Segura-Muhammad
Dallas County Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399

**STATE'S ATTORNEY AT TRIAL**
Dewey Mitchell
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

**APPELLANT'S ATTORNEY ON APPEAL**
Julie Woods
Dallas County Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399

**STATE'S ATTORNEY ON APPEAL**
Susan Hawk (or her designated representative)
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES ........................................................................................ ii

INDEX OF AUTHORITIES ........................................................................ iv

STATEMENT OF THE CASE ........................................................................1

CERTIFICATE OF COUNSEL ......................................................................2

SPECIAL STATEMENT TO THE COURT .....................................................3

CONCLUSION ..............................................................................................6

CERTIFICATE OF SERVICE .........................................................................7

CERTIFICATE OF COMPLIANCE ................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California,*
  386 U.S. 738 (1966) ............................................................................................2

*Cevalles v. State,*
  513 S.W.2d 865 (Tex. Crim. App. 1974)............................................................5

*Davenport v. State,*
  858 S.W.2d 1 (Tex. App.—Dallas 1993, no pet.).................................................5

*Davis v. State*,
  130 S.W.3d 519 (Tex. App.—Dallas 2004, no pet.)..............................................1

*Dinnery v. State,*
  592 S.W.2d 343 (Tex. Crim. App. 1979)............................................................5

*Ex parte Wilson*,
  716 S.W.2d 953 (Tex. Crim. App. 1986)............................................................1

*Gainous v. State,*
  436 S.W.2d 137 (Tex. Crim. App. 1969)............................................................2

*Harmelin v. Michigan,*
  501 U.S. 957 (1991) ............................................................................................6

*Harris v. State,*
  656 S.W.2d 481 (Tex. Crim. App. 1983)............................................................6

*Hernandez v. State,*
  726 S.W.2d 53 (Tex. Crim. App. 1986)..............................................................5

*Hopkins v. State*,
  No. 05-07-01697-CR, 2009 Tex. App. LEXIS 3133 (Tex. App.—Dallas May 7,
  2009, pet. ref'd) (not designated for publication) ..................................................1

*Jeffery v. State,*
  903 S.W.2d 776 (Tex. App.—Dallas 1995, no pet)..............................................3

*Parks v. State*,
  960 S.W.2d 234 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ....................1

*Strickland v. Washington,*
  466 U.S. 668 (1984) ............................................................................................5

*Studer v. State,*
    799 S.W.2d 263 (Tex. Crim. App. 1989).................................................................3

*Villela v. State*,
    564 S.W.2d 750 (Tex. Crim. App. 1978)...............................................................1

**Statutes**

TEX. CODE CRIM. PROC. art. 1.13 ...............................................................................3

TEX. CODE CRIM. PROC. art. 1.14(b)...........................................................................3

TEX. CODE CRIM. PROC. art. 1.15 ...............................................................................4

TEX. CODE CRIM. PROC. art. 26.13 .............................................................................4

TEX. CODE CRIM. PROC. art. 26.13(b)..........................................................................4

TEX. PENAL CODE § 22.01 ........................................................................................3

**Constitutional Provisions**

TEX. CONST. art. I, § 13............................................................................................5

TEX. CONST. art. V, § 12 ..........................................................................................3

U.S. CONST. art. VIII................................................................................................5

**TO THE HONORABLE COURT OF APPEALS:**

The undersigned attorney submits this brief in support of the motion to withdraw. This is an appeal from a conviction for assault on a public servant in Criminal District Court No. 3, Dallas County, Texas, the Honorable Gracie Lewis, Judge presiding.

## STATEMENT OF THE CASE

A grand jury indicted Appellant for assault on a public servant. (CR: 7). Appellant pleaded guilty and judicially confessed to the charge. (CR: 24-27, 33; RR2: 6-7; State's Ex. 1). He went "open" to the judge for punishment. (CR: 24-27; RR2: 5). The judge accepted Appellant's guilty plea and sentenced Appellant to five years' imprisonment.[1] (CR: 28-31; RR2: 23). Appellant timely filed his notice

---

[1] Although the judge did not orally pronounce a specific finding of guilt, the judge's assessment of Appellant's sentence at the conclusion of the open plea hearing necessarily implied a finding of guilt. *See Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978); *see also Hopkins v. State*, No. 05-07-01697-CR, 2009 Tex. App. LEXIS 3133, at *7-8 (Tex. App.—Dallas May 7, 2009, pet. ref'd) (not designated for publication) (finding no error in the trial court's failure to orally pronounce guilt because the judge fully admonished the defendant, accepted his guilty plea, received evidence from the State and the defendant, and assessed punishment). The written judgment in Appellant's case reflects that the judge found Appellant guilty of the charged offense. (CR: 29); *see Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986) (recognizing the presumption of regularity of judgments and plea proceedings absent a showing to the contrary); *Davis v. State*, 130 S.W.3d 519, 522 (Tex. App.—Dallas 2004, no pet.). Based on the record in Appellant's case, the absence of oral pronouncement of guilt does not render the judgment void and, therefore, is not reversible error. *Parks v. State*, 960 S.W.2d 234, 238 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (finding that the absence of an express oral pronouncement of guilt did not render the written judgment void).

of appeal.[2] (CR: 36-38).

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California,* 386 U.S. 738 (1966) and *Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim. App. 1969), the undersigned appointed attorney states that she has diligently reviewed the entire record in this cause and the law applicable thereto and, in her opinion, this appeal is without merit and wholly frivolous in that the record reflects no reversible error. It is also the opinion of the undersigned appointed attorney on appeal that there are no grounds of error upon which an appeal can be predicated.

The undersigned appointed attorney on appeal has served a copy of this brief on Appellant. At that time, the undersigned attorney informed Appellant by letter that, in her professional opinion, the appeal was without merit. The undersigned attorney also explained that Appellant has the right to review the record and to file a pro se brief if he so desires. The undersigned attorney has provided a copy of the record to Appellant. Appellant has also been informed by the undersigned attorney that he may request an extension of time from this Honorable Court for the filing of a pro se brief if he so desires.

---

[2] Appellant's open plea hearing also included a revocation hearing in two other cases (Trial Cause Nos. F11-47375-J and F12-27749-J). (RR2: *passim*). The two revocation cases are not on appeal.

The undersigned attorney has also filed a Motion to Withdraw as mandated by this Court's opinion in *Jeffery v. State,* 903 S.W.2d 776 (Tex. App.—Dallas 1995, no pet).

## SPECIAL STATEMENT TO THE COURT

The record in this case clearly reflects that Appellant entered an open plea of guilty to the indictment. (CR: 24-27; RR2: 5-7). The indictment contained all of the elements of the offense as proscribed by TEX. PENAL CODE § 22.01. The indictment conferred jurisdiction upon the trial court. TEX. CONST. art. V, § 12; *Studer v. State,* 799 S.W.2d 263, 273 (Tex. Crim. App. 1989). No complaint, either in the form of an objection or a motion, was made to the indictment; hence, nothing is presented for appellate review. TEX. CODE CRIM. PROC. art. 1.14(b).

The undersigned attorney has searched the record for any pretrial motions which might support a point of error. No pretrial motions were filed. (CR: *passim*). Thus, there is nothing for appellate review.

Appellant properly waived his right to a jury trial in accordance with the terms of TEX. CODE CRIM. PROC. art. 1.13. The waiver was signed by all parties and received the consent and approval of the trial court, as required by Art. 1.13. (CR: 24-27, 29).

3

Prior to accepting Appellant's plea, the court inquired as to the voluntariness of the plea and Appellant's understanding of the consequences of his plea. (RR2: 4-7). Appellant entered his plea freely and voluntarily. (CR: 26-27, 29; RR2: 7). The trial court inquired as to Appellant's competency and found that Appellant was competent to enter his plea. (CR: 25, 27, 29; RR2: 6). After a complete review of the record, the undersigned attorney is satisfied that Appellant was competent to enter his plea and that this plea was made both freely and voluntarily. TEX. CODE CRIM. PROC. art. 26.13(b).

The record indicates that Appellant signed paperwork containing written admonishments in accordance with the terms of TEX. CODE CRIM. PROC. art. 26.13. (CR: 24-27). Additionally, Appellant was orally admonished by the trial court; those admonishments were in substantial compliance with Article 26.13. (RR2: 4-7). The undersigned attorney is satisfied that, in the case at bar, these admonishments were sufficient to substantially comply with Article 26.13.

The State introduced evidence sufficient to substantiate Appellant's plea of guilty. TEX. CODE CRIM. PROC. art. 1.15. Appellant signed a judicial confession and a stipulation of evidence. (CR: 33). His judicial confession was admitted as State's Exhibit 1. (RR2: 7). His judicial confession, standing alone, is sufficient evidence to support Appellant's conviction. *Dinnery v. State,* 592 S.W.2d 343,

4

353 (Tex. Crim. App. 1979); *Cevalles v. State,* 513 S.W.2d 865, 866 (Tex. Crim. App. 1974); *Davenport v. State,* 858 S.W.2d 1, 3 (Tex. App.—Dallas 1993, no pet.). In addition to his judicial confession, Appellant testified that he pushed the officer. (RR2: 9). He explained that at the time of the offense he had recently lost his job and was struggling with the accompanying stress. (RR2: 9). He admitted that he "overreacted" and "made a mistake" that day. (RR2: 15, 19). Appellant's testimony and his judicial confession are sufficient evidence to support his guilty plea.

The undersigned attorney has reviewed the record to determine if any objections were made on Appellant's behalf which would support an issue on appeal. No objections were made. Nor does the record reflect any opportunity where a proper objection could have been interposed on Appellant's behalf.

The undersigned attorney has reviewed the performance of trial counsel. The record reflects that Appellant received reasonably effective assistance of trial counsel, based on the standards of *Strickland v. Washington,* 466 U.S. 668, 687 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

The punishment assessed is within the range established by the Legislature, and, as such, does not violate the constitutional prohibitions against cruel and unusual punishment under either U.S. CONST. art. VIII or TEX. CONST. art. I, § 13;

*Harris v. State,* 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Nor does the undersigned attorney discern anything in the record to suggest that the punishment assessed is grossly disproportionate to the crime. *See Harmelin v. Michigan,* 501 U.S. 957, 1001-05 (1991). Additionally, no objection was made to the punishment assessed at trial.

In the undersigned attorney's professional opinion, Appellant received a fair trial free from reversible error.

## <u>CONCLUSION</u>

After full review of the record, the undersigned attorney is of the opinion that the appeal in this cause is frivolous and without merit.

Respectfully submitted,

/s/ Julie Woods

Lynn Richardson
Chief Public Defender
Dallas County, Texas

Julie Woods
Assistant Public Defender
State Bar No. 24046173
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2

Katherine A. Drew
Chief, Appellate Division
Dallas County Public Defender's Office

Dallas, Texas 75207-4399
(214) 653-3550 *(phone)*
(214) 653-3539 *(fax)*
Julie.Woods@dallascounty.org

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on the Dallas County Criminal District Attorney's Office (Appellate Division), 133 N. Riverfront Blvd., 10th Floor, Dallas, Texas 75207, by eServe on January 23, 2015.

I hereby certify that a true copy of the foregoing brief was served on Travis Shane Brown, TDCJ #01958914 Hutchins State Jail 1500 East Langdon Road Dallas, Texas 75241, by placing a copy of the brief in the United States mail on January 23, 2015.

/s/ Julie Woods
Julie Woods

## CERTIFICATE OF COMPLIANCE

I certify that the word count in this document, which was prepared in Microsoft Word 2010, is 1,985.

/s/ Julie Woods
Julie Woods

7