**Ex parte Carl Rubin WILLIAMS.**

No. 70264.

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1988.

Curtis C. Mason, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an application for writ of habeas corpus which was submitted to this Court pursuant to the provisions of Article 11.07, V.A.C.C.P.

Applicant was indicted for the offense of murder under V.T.C.A., Penal Code, Section 19.02 (a)(1). The indictment included an allegation that applicant committed the aforementioned offense "by shooting ... with a handgun, a deadly weapon." Pursuant to a plea bargain agreement, applicant

pled guilty as charged in the indictment and was sentenced by the court to twenty-five years' in the Texas Department of Corrections. Included in the judgment of the trial court was an entry of an affirmative finding regarding the use of a deadly weapon under Article 42.12, Section 3f(a)(2), V.A.C.C.P. (now Section 3g(a)(2)). No direct appeal was perfected.

In his application, applicant contends that the trial court, in entering the affirmative finding that a deadly weapon had been used to commit the above offense, violated the plea bargain agreement. Applicant alleges that where the agreement is silent as to whether there would be an affirmative finding, entry of such a finding violates the agreement. As such, applicant seeks specific performance of the plea bargain agreement and the deletion of the affirmative finding from the judgment.

In its findings, the trial court found: 1) the indictment included the allegation that a deadly weapon had been used in the commission of the offense and therefore applicant was given notice that the entry of an affirmative finding was possible; 2) the plea bargain agreement, to which applicant subscribed, was mute regarding the trial court entering an affirmative finding that a deadly weapon had been used; and 3) the affirmative finding was entered by the trial court into both the judgment and the docket sheet. Review of the record reflects that these entries were recorded contemporaneously with the acceptance of the plea bargain agreement. As a result of these facts, the trial court concluded that the applicant should be denied relief. We agree.

In the present case, applicant pled guilty to an indictment containing sufficient notice of a deadly weapon allegation. This plea was the result of a plea agreement which was silent as to the possible entry into the judgment of the deadly weapon finding. The trial court, upon acceptance of applicant's plea as per the plea bargain agreement, however, entered upon the judgment, separately and specifically, the deadly weapon finding as authorized by Article 42.12, 3f(a)(2), supra.

■ This Court has held that the terms of plea agreements are contractual in nature and as a result, are left to the parties to determine and agree upon. *Ex parte Williams*, 637 S.W.2d 943 (Tex.Cr.App. 1982), cert. denied 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). When a trial court accepts a plea agreement, its terms then become binding upon the parties. A party to an agreement has no contractual rights to demand specific performance over terms not appearing in the agreement or record.

■ We find that applicant received exactly what he bargained for, that he would plead guilty, would testify, would receive twenty-five years' in the penitentiary, would not be eligible for probation and would be credited for time served while awaiting trial, all of which are obligations applicant is currently fulfilling. Applicant does not allege or prove that the exclusion of the affirmative finding was a part of the plea agreement or that the State was ever under any obligation regarding the affirmative finding.

Therefore, this Court will not disturb the terms of this agreement by reading into it details not contemplated by the parties as reflected in the agreement or raised by the evidence.

We, therefore, deny relief.

TEAGUE, J., dissents.