Affirmed and Opinion filed November 27, 2002














Affirmed and
Opinion filed November 27, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00191-CR

_______________

 

STERLING DAVID
KUBECKA, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

______________________________________________________

 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 897,281

______________________________________________________

 

O P I N I O N

 

            Sterling David Kubecka
appeals a conviction[1] for
engaging in organized crime on the ground that the trial court lacked
jurisdiction to order deferred adjudication because the indictment was
invalid.  We affirm.

            Appellant contends that he entered
into a plea agreement requiring the State to amend the indictment to reflect
that Shad Allen and Paul Keicker were removed as
complainants.  Appellant further contends
that the State’s failure to comply with its obligation to so amend the
indictment rendered the indictment invalid and left the trial court without
jurisdiction to defer adjudication of his guilt.

            The terms of plea agreements are contractual
in nature, and a party to a plea agreement has no right to demand specific
performance of terms not appearing in the agreement or record.  Ex parte Williams, 758 S.W.2d 785, 786 (Tex. Crim. App. 1988).  In
this case, the following handwritten notation appears on appellant’s guilty
plea: “State abandons C/W Shad Allen and Paul Keicker.”  Essentially the same notation appears in the
space on the judgment for terms of the plea bargain.  However, this language does not refer to
amending the indictment, nor does the record contain any other agreement to do
so.  In the absence of any such
agreement,[2]
appellant’s sole issue is overruled, and the judgment of the trial court is
affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

Judgment
rendered and Opinion filed November
 27, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           Appellant pleaded guilty without an
agreed punishment recommendation, and the trial court deferred his adjudication
of guilt and placed him on community supervision for eight years.





[2]           Nor has appellant cited authority
that a failure to comply with any such agreement would invalidate the
indictment and thereby deprive the trial court of jurisdiction to enter a
deferred adjudication or that a deferred adjudication could not validly be
entered as to fewer complainants than are set forth in the indictment without
an amendment.