NO. 07-08-00509-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
MARCH 31, 2010
--------------------------------------------------------------------------------

 
 TIMOTHY RAMBER, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2008-418,717; HONORABLE CECIL G. PURYEAR, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Appellant, Timothy Ramber, appeals his conviction for the offense of driving while intoxicated (DWI), third or more offense, enhanced by one prior felony conviction and subsequent sentence of 25 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). By one issue, appellant contends that the trial court committed reversible error in allowing the State to use appellant's prior DWI convictions to elevate the current offense to felony status. We affirm.
 Factual and Procedural Background
Appellant was involved in an automobile accident in Lubbock, Texas. As a result of the accident investigation, appellant was charged with DWI. Appellant was ultimately indicted for DWI, third or more offense, with one prior felony alleged for punishment enhancement. Appellant's trial counsel filed a motion to quash and an exception to the substance of the indictment. The indictment against appellant contained allegations of four prior DWI convictions, one from Galveston County, Texas, in 1994, and three from Matagorda County, Texas, in 1991. In the motion, appellant argued that the prior convictions used to elevate the DWI charge to a felony were the result of pro se pleas and were not entered knowingly and voluntarily. Additionally, the motion alleged that the prior convictions were obtained via plea negotiations with the State and the use of these prior pleas violated the terms of the agreement and, therefore, violated the contract between the appellant and State. According to appellant, a violation of the contract between himself and the State resulted in a constitutional violation under the United States Constitution. 
The trial court conducted hearings on appellant's motion to quash on September 22, 2008, and October 29, 2008. During the September 22[nd] hearing, appellant was called to testify about the facts surrounding his prior pleas of guilty. During his testimony, the following occurred:
Q: And you dealt directly with the - I guess the county attorney in Matagorda?
A: Yes, sir.
Q: Okay. And did he make some promises to you in regards to those guilty convictions?
A: Well, I mean, he just said, "As long as you don't get another one, you know within ten years, it won't be a felony," you know. 

At the hearing on October 29, 2008, appellant's trial counsel called the former county attorney of Matagorda County, Texas, to testify. A number of issues were discussed in his testimony, including:
* There was rarely a court reporter present to prepare a record of any of the guilty pleas;

* Even though it was not his role to admonish defendants who wished to plead guilty, because the County Judge was a layman, he did often attempt to visit with the defendants about their rights before they appeared before the judge;

* The only judicial admonishments he recalls the judge giving defendants were to their waiver of an attorney, waiver of a jury trial, and pleading guilty because they wanted to plead guilty;

* He never recalled telling any defendant that, if they did not get another DWI for ten years, the plea they were entering would not be used against them.
Appellant again testified at the October 29[th] hearing. Upon this occasion, trial counsel framed the questions as:
Q: Did anyone ever make any representations to you that if you went more than ten years without another DWI that it wouldn't be used for enhancement purposes against you?
A: Yes, sir.
Q: And who told you that?
A: The man that offered, you know, the plea.
Q: Okay. And is that part of the reason you decided to enter into the plea?
A: Yes, sir.

In addition to the testimony from the former county attorney and appellant, the judgments in each of the three prior pleas of guilty to DWI in Matagorda County were entered into the record. There was, however, no reporter's record of the prior pleas of guilty offered. At the conclusion of the hearing, the trial court overruled the motion and appellant subsequently waived a jury and entered a plea of no contest to the indictment before the court, without a recommendation as to punishment. Appellant also entered a plea of not true to the punishment enhancement paragraph of the indictment. After hearing the evidence on punishment, the trial court found the enhancement paragraph true and sentenced appellant to a term of 25 years confinement in the ID-TDCJ. Appellant's right to appeal was certified by the trial court. Pursuant to that certification, appellant presents one issue contending that the trial court erred in allowing the use of the previous DWI convictions. We disagree with appellant and affirm the judgment of the trial court.
 Standard of Review
 The trial court's ruling on the motion to quash was based upon evidence it heard in the form of testimony from appellant and the former county attorney of Matagorda County, Texas. There were also documentary exhibits from each of the prior pleas of guilty entered into this record. The trial court's ruling was an application of the law to the facts established by this evidence. Accordingly, we will apply a mixed standard of review to the trial court's denial of the motion to quash. Under this standard, great deference is accorded the trial court's determination of historical facts. See Ford v. State, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005). We use this deferential standard because the trial court is in the best position to judge the credibility of the witnesses. See State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). We do not, however, apply that same deferential standard to an application of the law to the facts. See Ford, 158 S.W.3d at 493. These matters are reviewed de novo. See Guzman v. State, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997).
 Analysis
 Appellant's sole contention on appeal is that the trial court erred in allowing appellant's prior DWI convictions to be used to enhance the offense to a third degree felony. This is so, according to appellant, because such use violated the agreement he entered into with the State that, if appellant did not get another DWI within ten years, the convictions could not be used to elevate a subsequent DWI to a felony. Following appellant's theory, the use by the State of the prior convictions to elevate the current DWI to a third degree felony violated the Contracts Clause of the United States Constitution. See U.S. Const. art. I, § 10.
 Before turning to the issue of the Contracts Clause, we note that, at the trial, appellant's counsel specifically disavowed an intention to attack the indictment on the basis that the use of the prior convictions operated as an ex post facto law. Yet, appellant's brief spends a considerable amount of time discussing this issue. To the extent appellant is attempting to interject this issue into the case, the matter is not preserved for appeal. See Tex. R. App. P. 33.1(a). Therefore, this issue is not before us in this appeal. See Swain v. State, 181 S.W.3d 359, 367 (Tex.Crim.App. 2005).
 Appellant contends that he had a plea agreement that included a specific promise by the State that, if more than ten years passed before the occurrence of another DWI, then the prior DWI could not be used to elevate the subsequent DWI. To support that proposition, appellant refers to his testimony at the pretrial hearing. In essence, appellant contends that the promises the county attorney for Matagorda County, Texas, made at the time he entered his plea became part of the plea agreement and cannot be violated by the State. 
 A plea agreement is contractual in nature. Moore v. State, 295 S.W.3d 329, 331 (Tex.Crim.App. 2009). When the court accepts the plea agreement, the terms of the bargain become binding upon all parties. Ex parte Williams, 758 S.W.2d 785, 786 (Tex.Crim.App. 1988). However, there are no contractual rights to demand specific performance over terms not appearing in the agreement or the record. Id.
 The record shows that the plea papers in all of the prior pleas of guilty were presented to the court. A review of these documents reveals no promises by the State regarding the use of those particular pleas in a subsequent DWI, within ten years or outside of ten years. Accordingly, the record fails to support appellant's contention that the contract appellant contends was breached by the State was ever entered into. The terms appellant attempts to impose on the State do not appear in the record of the pleas. Id.
 Further, the trial court is in a better position to judge the demeanor and credibility of the witnesses. Ross, 32 S.W.3d at 855. Because of this fact, we afford great deference to the trial court's determination of historical facts. See Ford, 158 S.W.3d at 493. In the case before the court, the trial court did not file findings of fact and conclusions of law. In the absence of findings of fact and conclusions of law, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling so long as those findings are supported by the record. Ross, 32 S.W.3d at 353.
 Our examination of the record does not support the contention of appellant. The record reveals that the first time he testified, September 22, 2008, all appellant stated was that he was told that, if he did not get another DWI within ten years, a subsequent DWI would not be a felony. At the later hearing of October 29, 2008, appellant answered yes to the following question: "Did anyone ever make any representations to you that if you went more than ten years without another DWI that it wouldn't be used for enhancement purposes against you?" According to appellant, the man that told him that was the former county attorney for Matagorda County. However, when the former county attorney testified, he said that he did not recall ever telling any defendant that, if they did not get another DWI for ten years, it would not be used against them. 
The trial court's ruling about the historical facts, based upon his observation of the demeanor and credibility of the witnesses, is supported by the record. Ross, 32 S.W.3d at 353. If there was no plea agreement contract regarding the future use of the DWI convictions, then the use of the prior DWI convictions to elevate the current DWI to felony status could not violate the Contracts Clause of the United States Constitution. See U.S. Const. art. I, § 10. Based upon our de novo review of the trial court's application of the law to the record, appellant's single contention is overruled. Guzman, 955 S.W.2d at 87.
 Conclusion
 Having overruled appellant's issue, the judgment of the trial court is affirmed. 

 Mackey K. Hancock
 Justice

Do not publish.