NO. 07-08-00509-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
31, 2010

 



 

TIMOTHY RAMBER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-418,717; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Timothy Ramber, appeals his conviction for the offense of driving
while intoxicated[1]
(DWI), third or more offense,[2]
enhanced by one prior felony conviction and subsequent sentence of 25 years in
the Institutional Division of the Texas Department of Criminal Justice
(ID-TDCJ).  By one issue, appellant
contends that the trial court committed reversible error in allowing the State
to use appellant’s prior DWI convictions to elevate the current offense to
felony status.  We affirm.

Factual
and Procedural Background

Appellant was involved in an
automobile accident in Lubbock, Texas. 
As a result of the accident investigation, appellant was charged with
DWI.  Appellant was ultimately indicted
for DWI, third or more offense, with one prior felony alleged for punishment
enhancement.  Appellant’s trial counsel
filed a motion to quash and an exception to the substance of the indictment.  The indictment against appellant contained
allegations of four prior DWI convictions, one from Galveston County, Texas, in
1994, and three from Matagorda County, Texas, in 1991.  In the motion, appellant argued that the
prior convictions used to elevate the DWI charge to a felony were the result of
pro se pleas and were not entered
knowingly and voluntarily.  Additionally,
the motion alleged that the prior convictions were obtained via plea
negotiations with the State and the use of these prior pleas violated the terms
of the agreement and, therefore, violated the contract between the appellant
and State.[3]  According to appellant, a violation of the
contract between himself and the State resulted in a constitutional violation
under the United States Constitution.  

The trial court conducted hearings on
appellant’s motion to quash on September 22, 2008, and October 29, 2008.  During the September 22nd hearing,
appellant was called to testify about the facts surrounding his prior pleas of
guilty.  During his testimony, the
following occurred:

Q: And you dealt directly with the – I guess the county attorney in
Matagorda?

A: Yes, sir.

Q: Okay.  And did he make some
promises to you in regards to those guilty convictions?

A: Well, I mean, he just said, “As long as you don’t get another one,
you know within ten years, it won’t be a felony,” you know. 

 

At the hearing on October 29, 2008,
appellant’s trial counsel called the former county attorney of Matagorda
County, Texas, to testify.  A number of
issues were discussed in his testimony, including:

1.    There was rarely a court reporter present to prepare a
record of any of the guilty pleas;

 

2.    Even though it was not his role to admonish defendants
who wished to plead guilty, because the County Judge was a layman, he did often
attempt to visit with the defendants about their rights before they appeared
before the judge;

 

3.    The only judicial admonishments he recalls the judge
giving defendants were to their waiver of an attorney, waiver of a jury trial,
and pleading guilty because they wanted to plead guilty;

 

4.    He never recalled telling any defendant that, if they
did not get another DWI for ten years, the plea they were entering would not be
used against them.

Appellant again testified at the
October 29th hearing.  Upon
this occasion, trial counsel framed the questions as:

Q: Did anyone ever make any representations to you
that if you went more than ten years without another DWI that it wouldn’t be
used for enhancement purposes against you?

A: Yes, sir.

Q: And who told you that?

A: The man that offered, you know,
the plea.

Q: Okay.  And is that part of the
reason you decided to enter into the plea?

A: Yes, sir.

 

In addition to the testimony from the
former county attorney and appellant, the judgments in each of the three prior
pleas of guilty to DWI in Matagorda County were entered into the record.  There was, however, no reporter’s record of
the prior pleas of guilty offered.  At
the conclusion of the hearing, the trial court overruled the motion and
appellant subsequently waived a jury and entered a plea of no contest to the
indictment before the court, without a recommendation as to punishment.  Appellant also entered a plea of not true to
the punishment enhancement paragraph of the indictment.  After hearing the evidence on punishment, the
trial court found the enhancement paragraph true[4]
and sentenced appellant to a term of 25 years confinement in the ID-TDCJ.  Appellant’s right to appeal was certified by
the trial court.  Pursuant to that
certification, appellant presents one issue contending that the trial court
erred in allowing the use of the previous DWI convictions.  We disagree with appellant and affirm the
judgment of the trial court.

Standard
of Review

            The
trial court’s ruling on the motion to quash was based upon evidence it heard in
the form of testimony from appellant and the former county attorney of
Matagorda County, Texas.  There were also
documentary exhibits from each of the prior pleas of guilty entered into this
record.  The trial court’s ruling was an
application of the law to the facts established by this evidence.  Accordingly, we will apply a mixed standard
of review to the trial court’s denial of the motion to quash.  Under this standard, great deference is
accorded the trial court’s determination of historical facts.  See Ford v. State, 158 S.W.3d 488, 493 (Tex.Crim.App.
2005).  We use this deferential standard
because the trial court is in the best position to judge the credibility of the
witnesses.  See State
v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).  We do not, however, apply that same
deferential standard to an application of the law to the facts.  See Ford, 158
S.W.3d at 493.  These matters are
reviewed de novo.  See Guzman v. State, 955 S.W.2d 85, 87 (Tex.Crim.App.
1997).

Analysis

            Appellant’s
sole contention on appeal is that the trial court erred in allowing appellant’s
prior DWI convictions to be used to enhance the offense to a third degree
felony.  This is so, according to
appellant, because such use violated the agreement he entered into with the
State that, if appellant did not get another DWI within ten years, the
convictions could not be used to elevate a subsequent DWI to a felony.  Following appellant’s theory,
the use by the State of the prior convictions to elevate the current DWI to a
third degree felony violated the Contracts Clause of the United States
Constitution.  See
U.S. Const. art. I, § 10.

            Before
turning to the issue of the Contracts Clause, we note that, at the trial,
appellant’s counsel specifically disavowed an intention to attack the
indictment on the basis that the use of the prior convictions operated as an ex post facto law.  Yet, appellant’s brief spends a considerable
amount of time discussing this issue.  To
the extent appellant is attempting to interject this issue into the case, the
matter is not preserved for appeal.  See
Tex. R. App. P. 33.1(a).  Therefore, this issue is not before us in
this appeal.  See Swain v.
State, 181 S.W.3d 359, 367 (Tex.Crim.App.
2005).

            Appellant
contends that he had a plea agreement that included a specific promise by the
State that, if more than ten years passed before the occurrence of another DWI,
then the prior DWI could not be used to elevate the subsequent DWI.  To support that proposition, appellant refers
to his testimony at the pretrial hearing. 
In essence, appellant contends that the promises the county attorney for
Matagorda County, Texas, made at the time he entered his plea became part of
the plea agreement and cannot be violated by the State. 

            A
plea agreement is contractual in nature. 
Moore v. State, 295 S.W.3d 329, 331 (Tex.Crim.App. 2009). 
When the court accepts the plea agreement, the terms of the bargain
become binding upon all parties.  Ex parte Williams, 758 S.W.2d 785, 786 (Tex.Crim.App.
1988).  However, there are no
contractual rights to demand specific performance over terms not appearing in
the agreement or the record.  Id.

            The
record shows that the plea papers in all of the prior pleas of guilty were
presented to the court.  A review of
these documents reveals no promises by the State regarding the use of those
particular pleas in a subsequent DWI, within ten years or outside of ten
years.  Accordingly, the record fails to
support appellant’s contention that the contract appellant contends was
breached by the State was ever entered into. 
The terms appellant attempts to impose on the State do not appear in the
record of the pleas.  Id.

            Further,
the trial court is in a better position to judge the demeanor and credibility
of the witnesses.  Ross, 32 S.W.3d at 855. 
Because of this fact, we afford great deference to the trial court’s
determination of historical facts.  See
Ford, 158 S.W.3d at 493.  In the case before the court, the trial court
did not file findings of fact and conclusions of law.  In the absence of findings of fact and
conclusions of law, we view the evidence in the light most favorable to the
trial court’s ruling and assume that the trial court made implicit findings of
fact that support its ruling so long as those findings are supported by the
record.  Ross, 32
S.W.3d at 353.

            Our
examination of the record does not support the contention of appellant.  The record reveals that the first time he
testified, September 22, 2008, all appellant stated
was that he was told that, if he did not get another DWI within ten years, a
subsequent DWI would not be a felony.  At
the later hearing of October 29, 2008, appellant answered yes to the following
question: “Did anyone ever make any representations to you that if you went
more than ten years without another DWI that it wouldn’t be used for
enhancement purposes against you?” 
According to appellant, the man that told him that was the former county
attorney for Matagorda County.  However,
when the former county attorney testified, he said that he did not recall ever
telling any defendant that, if they did not get another DWI for ten years, it
would not be used against them.  

The trial court’s ruling about the
historical facts, based upon his observation of the demeanor and credibility of
the witnesses, is supported by the record. 
Ross, 32 S.W.3d at 353.  If there was no plea agreement contract
regarding the future use of the DWI convictions, then the use of the prior DWI
convictions to elevate the current DWI to felony status could not violate the Contracts
Clause of the United States Constitution. 
See U.S.
Const. art. I, § 10.  Based upon our de novo review of the trial court’s application of the law to the
record, appellant’s single contention is overruled.  Guzman, 955 S.W.2d
at 87.

Conclusion

            Having overruled appellant’s issue, the judgment of the
trial court is affirmed.  

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.         








 











[1]
See
Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).

 





[2] See Tex.
Penal Code Ann. § 49.09(b)(2) (Vernon Supp.
2009).





[3] At the time of the prior pleas, a previous DWI
conviction could not be used for enhancement purposes after ten years passed
between convictions.  See Acts
1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697-98, repealed by
Acts 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364 (current version at
Tex. Penal Code Ann. § 49.09 (Vernon
Supp. 2009)). 





[4] Appellant challenges the use of the three prior DWI
convictions, but does not challenge the trial court’s finding of true on the
prior felony enhancement paragraph.