NO. 07-08-00308-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
13, 2010

 



 

MARK ANTHONY TAYLOR, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 16,410-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Mark Anthony Taylor,
appeals his conviction for the offense of aggravated assault with an
affirmative deadly weapon finding[1]
and sentence of nine years incarceration in the Institutional Division of the
Texas Department of Criminal Justice. 
Specifically, appellant challenges the trial court’s affirmative finding
of a deadly weapon and requests reformation of the judgment to delete such
finding.  We affirm the judgment of the
trial court.

 

Background

            In
2004, appellant was indicted for the offense of aggravated assault.  The indictment alleged that appellant
intentionally and knowingly caused bodily injury to Micha
Dawn Tarver, by striking her with his fist, and that he used or exhibited a
deadly weapon in the commission of the offense, specifically referencing his
fist.  The indictment also included a
specific notice of the State’s intent to seek an affirmative finding of a deadly
weapon, which again identified appellant’s fist as the deadly weapon.

            Prior
to trial on the indicted offense, appellant and the State reached a plea
agreement.  As a result of and in
accordance with this plea agreement, appellant signed a judicial confession
that he committed the offense of aggravated assault “exactly as charged in the
indictment,” and the State recommended that appellant be placed on deferred
adjudication community supervision for a period of five years and fined $2,000.  The trial court admonished appellant and
placed appellant on deferred adjudication community supervision in accordance
with the plea agreement between appellant and the State.  Notably, no mention of any deadly weapon
finding was made during this plea hearing. 
No appeal was taken from this proceeding.

            In
2006, the State moved to proceed to an adjudication of guilt alleging that
appellant had violated the terms of his community supervision.  After a hearing on this motion, appellant was
continued on deferred adjudication community supervision, but the term of his
community supervision was modified and extended for two additional years.

            In
2008, the State again filed a motion to proceed to adjudication of guilt
alleging that appellant had violated the terms of his deferred adjudication
community supervision.  A hearing was
held on this motion.  During this
hearing, the trial court asked appellant if he was the same person that had
pled guilty to the offense of aggravated assault with a deadly weapon to which
appellant responded in the affirmative. 
Appellant pled true to the allegations contained in the motion to
proceed to adjudication.  The trial court
found that there was sufficient evidence of the alleged violations, adjudicated
appellant guilty of aggravated assault, made an affirmative deadly weapon
finding, and sentenced appellant to incarceration for a period of nine
years.  Appellant timely appealed from
this judgment.

            By
one issue, appellant contends that the trial court erred in making an
affirmative finding that appellant used or exhibited a deadly weapon when the
weapon alleged is not deadly per se,
and is neither mentioned in the written plea agreement nor in the trial court’s
oral recitation of the terms of the plea agreement.

Analysis

            Appellant
contends that neither the written plea agreement nor the trial court’s oral
recitation of the terms of that agreement referenced appellant’s use or
exhibition of a deadly weapon in committing the aggravated assault.  Therefore, according to appellant, his plea
agreement did not include the trial court’s affirmative finding of a deadly
weapon.  Further, appellant contends that
the trial court must have ratified appellant’s construction of the agreement as
not including a deadly weapon finding when the trial court’s oral recitation of
the terms of the agreement omitted any mention of a deadly weapon finding.

            A
plea bargain may limit a trial court’s authority to enter a deadly weapon
finding.  This is so because, once a
trial court has accepted the plea agreement, the court has a “ministerial,
mandatory, and non-discretionary duty to specifically enforce” the terms of the
agreement.  Perkins
v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., 738
S.W.2d 276, 285 (Tex.Crim.App. 1987).  In performing this duty, the court’s “primary
concern is to ascertain and give effect to the parties’ intentions as expressed
in the instrument.”  Hatley v. State, 206
S.W.3d 710, 718 (Tex.App.—Texarkana 2006, no pet.).  Reviewing courts “will not disturb the terms
of [a plea] agreement by reading into it details not contemplated by the
parties as reflected in the agreement or raised by the evidence.”  Ex parte Williams,
758 S.W.2d 785, 786 (Tex.Crim.App. 1988).

            In
the present case, the record reflects that the parties’ plea agreement did not
contemplate that an eventual adjudication of appellant’s guilt would foreclose
an affirmative finding of a deadly weapon. 
First, the indictment of appellant for the aggravated assault on Tarver
specifically alleged that he used a deadly weapon and, further, includes a
separate notice of the State’s intent to seek a deadly weapon finding.  Second, nothing in the plea agreement
indicates that the State intended to withdraw its request for a deadly weapon
finding.  Third, the judicial confession
appellant signed stated that he committed the offense “exactly as charged in
the indictment.”  Fourth, during the 2004
hearing, appellant testified that he had reviewed the indictment and had committed
each of the elements alleged in the indictment. 
Finally, during the 2008 hearing, appellant testified that he was the
same person that had pled guilty to the offense of aggravated assault with a
deadly weapon in November of 2004. 
Clearly, the record reflects that appellant was, from the outset, aware
that the State was seeking an affirmative finding of a deadly weapon in this
case and we will not read into the parties’ agreement a term that was not
addressed in the agreement and which all of the evidence indicates was not
intended to be affected by the agreement.

            Additionally,
even were we to find that the parties intended to foreclose an affirmative
deadly weapon finding in an eventual adjudication of appellant’s guilt, such a
term of the agreement would have been unenforceable.  Upon deciding to proceed to an adjudication
of guilt, the trial court is not bound by the terms of a prior plea bargain
agreement, even if the plea agreement contemplated limiting the sentence to be
assessed after adjudication.  Ex parte Huskins, 176 S.W.3d 818,
819 (Tex.Crim.App. 2005).  This is so because, “once the trial court
proceeds to adjudication, it is restricted in the sentence it imposes only by
the relevant statutory limits.”  Id.
(quoting Von Schounmacher v. State, 5 S.W.3d
221, 223 (Tex.Crim.App. 1999)).

            Consequently,
we overrule appellant’s sole appellate issue.

Conclusion

            For
the foregoing reasons, we overrule appellant’s issue and affirm the judgment of
the trial court.

                                                                                                Mackey K. Hancock

                                                                                                            Justice

Do not publish.         








 











[1] See Tex. Penal Code Ann. § 22.02(a) (Vernon Supp. 2009).