NO. 07-08-00308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 13, 2010

_____

MARK ANTHONY TAYLOR, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,410-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Mark Anthony Taylor, appeals his conviction for the offense of aggravated assault with an affirmative deadly weapon finding[1] and sentence of nine years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Specifically, appellant challenges the trial court's affirmative finding of a deadly weapon and requests reformation of the judgment to delete such finding. We affirm the judgment of the trial court.

_____

[1] See TEX. PENAL CODE ANN. § 22.02(a) (Vernon Supp. 2009).

Background

In 2004, appellant was indicted for the offense of aggravated assault. The indictment alleged that appellant intentionally and knowingly caused bodily injury to Micha Dawn Tarver, by striking her with his fist, and that he used or exhibited a deadly weapon in the commission of the offense, specifically referencing his fist. The indictment also included a specific notice of the State's intent to seek an affirmative finding of a deadly weapon, which again identified appellant's fist as the deadly weapon.

Prior to trial on the indicted offense, appellant and the State reached a plea agreement. As a result of and in accordance with this plea agreement, appellant signed a judicial confession that he committed the offense of aggravated assault "exactly as charged in the indictment," and the State recommended that appellant be placed on deferred adjudication community supervision for a period of five years and fined $2,000. The trial court admonished appellant and placed appellant on deferred adjudication community supervision in accordance with the plea agreement between appellant and the State. Notably, no mention of any deadly weapon finding was made during this plea hearing. No appeal was taken from this proceeding.

In 2006, the State moved to proceed to an adjudication of guilt alleging that appellant had violated the terms of his community supervision. After a hearing on this motion, appellant was continued on deferred adjudication community supervision, but the term of his community supervision was modified and extended for two additional years.

2

In 2008, the State again filed a motion to proceed to adjudication of guilt alleging that appellant had violated the terms of his deferred adjudication community supervision. A hearing was held on this motion. During this hearing, the trial court asked appellant if he was the same person that had pled guilty to the offense of aggravated assault with a deadly weapon to which appellant responded in the affirmative. Appellant pled true to the allegations contained in the motion to proceed to adjudication. The trial court found that there was sufficient evidence of the alleged violations, adjudicated appellant guilty of aggravated assault, made an affirmative deadly weapon finding, and sentenced appellant to incarceration for a period of nine years. Appellant timely appealed from this judgment.

By one issue, appellant contends that the trial court erred in making an affirmative finding that appellant used or exhibited a deadly weapon when the weapon alleged is not deadly *per se*, and is neither mentioned in the written plea agreement nor in the trial court's oral recitation of the terms of the plea agreement.

Analysis

Appellant contends that neither the written plea agreement nor the trial court's oral recitation of the terms of that agreement referenced appellant's use or exhibition of a deadly weapon in committing the aggravated assault. Therefore, according to appellant, his plea agreement did not include the trial court's affirmative finding of a deadly weapon. Further, appellant contends that the trial court must have ratified appellant's construction of the agreement as not including a deadly weapon finding

3

when the trial court's oral recitation of the terms of the agreement omitted any mention of a deadly weapon finding.

A plea bargain may limit a trial court's authority to enter a deadly weapon finding. This is so because, once a trial court has accepted the plea agreement, the court has a "ministerial, mandatory, and non-discretionary duty to specifically enforce" the terms of the agreement. Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., 738 S.W.2d 276, 285 (Tex.Crim.App. 1987). In performing this duty, the court's "primary concern is to ascertain and give effect to the parties' intentions as expressed in the instrument." Hatley v. State, 206 S.W.3d 710, 718 (Tex.App.—Texarkana 2006, no pet.). Reviewing courts "will not disturb the terms of [a plea] agreement by reading into it details not contemplated by the parties as reflected in the agreement or raised by the evidence." Ex parte Williams, 758 S.W.2d 785, 786 (Tex.Crim.App. 1988).

In the present case, the record reflects that the parties' plea agreement did not contemplate that an eventual adjudication of appellant's guilt would foreclose an affirmative finding of a deadly weapon. First, the indictment of appellant for the aggravated assault on Tarver specifically alleged that he used a deadly weapon and, further, includes a separate notice of the State's intent to seek a deadly weapon finding. Second, nothing in the plea agreement indicates that the State intended to withdraw its request for a deadly weapon finding. Third, the judicial confession appellant signed stated that he committed the offense "exactly as charged in the indictment." Fourth, during the 2004 hearing, appellant testified that he had reviewed the indictment and had committed each of the elements alleged in the indictment. Finally, during the 2008

4

hearing, appellant testified that he was the same person that had pled guilty to the offense of aggravated assault <u>with a deadly weapon</u> in November of 2004. Clearly, the record reflects that appellant was, from the outset, aware that the State was seeking an affirmative finding of a deadly weapon in this case and we will not read into the parties' agreement a term that was not addressed in the agreement and which all of the evidence indicates was not intended to be affected by the agreement.

Additionally, even were we to find that the parties intended to foreclose an affirmative deadly weapon finding in an eventual adjudication of appellant's guilt, such a term of the agreement would have been unenforceable. Upon deciding to proceed to an adjudication of guilt, the trial court is not bound by the terms of a prior plea bargain agreement, even if the plea agreement contemplated limiting the sentence to be assessed after adjudication. <u>Ex parte Huskins</u>, 176 S.W.3d 818, 819 (Tex.Crim.App. 2005). This is so because, "once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits." <u>Id</u>. (quoting <u>Von Schounmacher v. State</u>, 5 S.W.3d 221, 223 (Tex.Crim.App. 1999)).

Consequently, we overrule appellant's sole appellate issue.

Conclusion

For the foregoing reasons, we overrule appellant's issue and affirm the judgment of the trial court.

> Mackey K. Hancock
> Justice

Do not publish.

5