# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO.  09-14-00173-CR
_____

### SANTIAGO LEE GARZA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-01-00839-CR**

### MEMORANDUM OPINION

On or about January 23, 2013, Santiago Lee Garza (Garza) shot H.G. (the victim) with a handgun in an attempt to steal the victim's 2013 truck. Garza was charged by information and indictment with the offense of aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). After being admonished regarding the charges against him and the range of punishment, Garza knowingly and voluntarily entered a plea of guilty to the offense as charged

1

and elected for the trial court to assess punishment. The trial court accepted Garza's guilty plea and assessed punishment at confinement for forty-five years. The trial court entered a judgment reflecting the appellant's plea of guilty as well as the trial court's finding of "true" regarding the allegation that appellant committed the offense with a deadly weapon.

At the punishment hearing, the victim testified about the shooting and how it affected him. The victim, a businessman, was driving to the airport to catch an early morning flight for a business trip. As he drove down Kingwood Drive towards Highway 59, he noticed a vehicle make a U-turn and approach him from behind. When the victim stopped in the left-turn lane under the Highway 59 overpass, the other vehicle (a dark-colored truck) pulled in front of the victim's truck and came to a stop, blocking the victim's vehicle from moving forward. A man, later identified as Garza, stepped out of the passenger side of the dark-colored truck and began walking aggressively towards the victim's vehicle. Garza had a handgun in his hand. The victim immediately shifted into reverse and "floored it[.]" While driving in reverse, the victim "ducked down behind the wheel" with his left hand up, and that is when Garza fired two shots at the victim. The bullets penetrated the left side of the victim's vehicle. The first bullet or its fragments went through the victim's left hand, completely shattering the bone in his hand,

and exited into his chest. The second bullet or its fragments penetrated the pickup and struck the victim in the left side of his abdomen. After firing the two shots, Garza jumped back into the dark-colored truck and left the scene. The victim called 911 and his wife. He then drove himself to the Kingwood Medical Center where he was stabilized and then transported by ambulance to Ben Taub Hospital. The police took a statement from the victim at the hospital. The day after the shooting the police arrested Garza for an unrelated case. Garza confessed to the shooting.

At the conclusion of the victim's testimony, the trial court asked the victim the following questions:

> [THE COURT]: Anything else?
> [STATE'S COUNSEL]: Judge, no. May he step down?
> [THE COURT]: Not yet. What do you want me to do?
> [VICTIM]: I want --
> [DEFENSE COUNSEL]: Judge, I'm going to -- for purposes of the record, Your Honor, I am going to object to that not being a proper question.
> [THE COURT]: Okay. What do you want me to do?
> [VICTIM]: I want you to sentence him to the fullest extent of the law.
> [THE COURT]: Thank you very much.

Thereafter, the victim stepped down and the State rested. The trial court then heard evidence and testimony from three additional witnesses, each called by the defense. Garza also testified. He admitted that he was guilty of aggravated robbery and that he shot the victim.

The trial court entered a "Judgment of Conviction By Court—Waiver of Jury Trial[,]" finding Garza guilty of aggravated robbery under section 29.03(a)(2) of the Texas Penal Code and sentenced Garza to forty-five years of confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court also certified that the case "is a plea-bargain case, and the defendant has no right of appeal, but will be able to appeal as to punishment only." (emphasis omitted). Garza timely filed a notice of appeal. We affirm the judgment.

ISSUES PRESENTED ON APPEAL

Garza contends that the trial court erred in asking the victim about what sentence should be imposed, and that the trial court erred in signing a judgment that contained a deadly weapon finding. Garza also argues that the court of appeals has the power, in the interest of justice, to address issues that were clearly erroneous and harmful, even if Garza failed to object to such matters during the trial or if he failed to assign error to those matters on appeal.

ANALYSIS

Trial Court's Question to the Victim

Garza contends that the trial court "committed reversible error by asking the victim what sentence the court should impose." We review a trial court's admission of evidence under an abuse of discretion standard. *Martinez v. State*, 327

4

S.W.3d 727, 736 (Tex. Crim. App. 2010); *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

The State argues that Garza failed to preserve this issue for appellate review. To preserve error, a party must make a timely objection, motion, or request that states the grounds for the ruling desired with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. *See* Tex. R. App. P. 33.1(a)(1)(A). Additionally, the party must pursue that timely objection, motion, or request to an adverse ruling by the trial court. *See id.* 33.1(a)(2); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). "A statement informing the court that a question is improper is tantamount to stating that a party objects to a question without providing any further explanation for the basis of the objection." *Vallair v. State*, No. 09-11-00038-CR, 2011 WL 3847418, at *4 (Tex. App.—Beaumont Aug. 31, 2011, pet. ref'd) (mem. op.) (not designated for publication). A general objection that the party "objects" to a question or to certain evidence lacks the requisite specificity to preserve error if it fails to notify the court of the basis for the objection. *Id*. Garza's objection at trial was as follows: "Judge, I'm going to -- for purposes of the record, Your Honor, I am going to object to that not being a proper question." This objection lacks the specificity

required by Rule 33.1, as it fails to notify the trial court of the basis for the objection, and it did not preserve any error.

In his appellate brief, Garza cites to *Sattiewhite v. State*, 786 S.W.2d 271, 290 (Tex. Crim. App. 1989), for his statement that "[t]he argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected—such testimony would escalate into a 'battle of the experts.'" In *Sattiewhite*, the court was specifically addressing a punishment recommendation of experts, and not testimony or requests made to the court from a victim. *Id.* Accordingly, the issue before us is not controlled by *Sattiewhite*.

During the punishment hearing in a non-capital criminal case, "evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . the circumstances of the offense for which he is being tried . . . ." *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2014). Accordingly, the trial court may admit into evidence any evidence it "deems relevant to sentencing." *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008) (emphasis omitted). The Legislature has expressly provided that evidence regarding the "circumstances of the offense" for which Garza is charged is relevant. The definition of "relevant evidence" as applied under Rule 401 of the Texas Rules of Evidence "does not readily apply to

6

Article 37.07 [footnote omitted]. What is 'relevant' to the punishment determination is simply that which will assist the fact finder in deciding the appropriate sentence in a particular case. [footnote omitted]." *Sims*, 273 S.W.3d at 295; *see also Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009) ("Evidence is relevant if it helps the factfinder decide what sentence is appropriate for a particular defendant given the facts of the case.").

During the punishment phase, a victim is in a unique position to describe what happened and to describe the impact the crime has had on the victim's life and family. *See Fryer v. State*, 68 S.W.3d 628, 630, 633 (Tex. Crim. App. 2002) (noting that "the crime victim" is knowledgeable about the offense and should be allowed "to speak on the issue of appropriate punishment."). Garza elected to have his punishment tried to the court without a jury. Accordingly, because it was a bench trial, there was no risk that the question or the answer given by the victim would sway or influence a jury. *See Navarro v. State*, 477 S.W.2d 291, 292 (Tex. Crim. App. 1972); *Moreno v. State*, 900 S.W.2d 357, 359-60 (Tex. App.—Texarkana 1995, no pet.). Nothing in the record before us indicates that the trial court judge failed to remain impartial. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978). We conclude that the trial court did not commit error in asking the victim, "What do you want me to do?"

7

Furthermore, we note that the victim answered: "I want you to sentence [Garza] to the fullest extent of the law." The punishment range for aggravated robbery under section 29.03 (a)(2) of the Texas Penal Code is imprisonment for life or for a term of five to ninety-nine years. *See* Tex. Penal Code Ann. §§ 12.32, 29.03(b) (West 2011). The trial court sentenced Garza to forty-five years, which is far less than the maximum. *See id.* Accordingly, even if the trial court erred in asking the victim what the victim wanted, any error in doing so was harmless in light of the purpose of the punishment hearing, the broader latitude given to a trial court in a bench trial, and the fact the defendant's sentence was well within the range of punishment under the statute. Furthermore, after examining the entire record, we conclude that the question asked by the trial court did not violate Garza's substantial rights, and we have fair assurance that the error, if any, likely had no influence on the trial court in rendering its sentence, or it otherwise had but a slight effect. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Therefore, we overrule this issue.

<u>Deadly Weapon Finding</u>

Garza also contends that the trial court committed reversible error by signing a judgment that contained a deadly weapon finding because the trial court did not make an affirmative deadly weapon finding. The Court of Criminal Appeals has

8

held that a factfinder may make an affirmative deadly weapon finding by simply convicting a defendant based upon an indictment that expressly alleges the defendant committed the offense with a deadly weapon. *See Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009); *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). "[T]he expectation of having the oral pronouncement match the written judgment applies only to sentencing issues, such as the term of confinement assessed and whether multiple sentences will be served concurrently or consecutively." *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). A deadly weapon finding is not a sentencing issue. *Id.* at 820-21; *State v. Ross*, 953 S.W.2d 748, 751 (Tex. Crim. App. 1997). While a deadly weapon finding affects how the sentence is served, it is not part of the sentence. *Ex parte Huskins*, 176 S.W.3d at 821; *Ross*, 953 S.W.2d at 750-51. "[A] trial court is not required to orally announce a deadly-weapon finding at sentencing if the allegation of use of a deadly weapon is clear from the face of the indictment." *Ex parte Huskins*, 176 S.W.3d at 821. Further, "the trial court may make an affirmative finding of the use of a deadly weapon in a plea-bargain case if the deadly weapon allegation is included in the indictment and the plea bargain agreement is silent regarding the exclusion of a deadly weapon finding from the judgment." *In re Lee*, No. 09-10-00338-CV, 2010 WL 3260857, at *1 (Tex. App.—Beaumont Aug. 19, 2010, no

9

pet.) (mem. op.) (per curiam) (citing *Ex parte Williams*, 758 S.W.2d 785, 786 (Tex. Crim. App. 1988)).

Garza was put on notice of the deadly weapon allegation in both the information and indictment. A person commits the offense of robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a) (West 2011), § 31.03 (West Supp. 2014).[1] A robbery is aggravated if, among other things, the person uses or exhibits a deadly weapon. *Id.* § 29.03(a)(2). A firearm is a deadly weapon. *Id.* § 1.07(a)(17)(A) (West Supp. 2014). Garza admitted that he shot the victim with a firearm.

It was unnecessary for the trial court to make a deadly weapon finding orally, and the affirmative finding in the judgment is sufficient. *Ex parte Huskins*, 176 S.W.3d at 820-21 (When the trial court properly admonishes a defendant and accepts a guilty plea to the indictment as charged, the trial court necessarily determines there was the use of a deadly weapon in the commission of the offense, and the "trial court is not required to orally announce a deadly-weapon finding at

---

[1]Because the amendments are not material to this case, we cite to the current version of the relevant statutes.

10

sentencing if the allegation of use of a deadly weapon is clear from the face of the indictment."); *see also In re Lee*, 2010 WL 3260857, at *1 (citing *Ex parte Williams*, 758 S.W.2d at 786).[2]

Additionally, to the extent Garza is arguing that the trial court's oral pronouncement was erroneous because the trial court did not find the appellant guilty "as charged in the indictment," we reject his argument. Based on the record, and in light of the fact that the charging instrument and statute under which he was charged included the deadly weapon language, it was unnecessary for the trial court to orally pronounce a deadly weapon finding. The defendant knowingly and voluntarily pleaded guilty, the trial court accepted the plea and found Garza guilty, and the court found the use of a deadly weapon "true[.]" We conclude that the trial court did not err in failing to make an oral pronouncement of the deadly weapon finding. *See Ex parte Huskins*, 176 S.W.3d at 820-21; *Roots v. State*, 419 S.W.3d 719, 724-25 (Tex. App.—Fort Worth 2013, pet. ref'd). No separate express finding of a deadly weapon is required when a defendant pleads guilty to an indictment that alleges the use of a deadly weapon. *Lafleur v. State*, 106 S.W.3d 91, 94-95

---

[2]Garza also signed a "Waiver, Consent, Judicial Confession & Plea Agreement" in which he pleaded guilty to committing the offense of "Aggravated Robbery F1ᴼ as charged within the indictment[.]" On the same document, the State's recommendation provides: "Defendant is pleading guilty to the charge as stated in the [i]ndictment and has elected to go to the court for punishment."

(Tex. Crim. App. 2003) ("the trier of facts' verdict on the indictment may constitute an affirmative finding" when the indictment alleges a deadly weapon) (quoting *Polk*, 693 S.W.2d at 394); *Ex parte Empey*, 757 S.W.2d 771, 774 (Tex. Crim. App. 1988) (holding that an affirmative deadly weapon finding arose as a matter of law when indictment charged use of a deadly weapon and judge found defendant guilty as alleged in indictment); *Marshall v. State*, 860 S.W.2d 142, 143 (Tex. App.—Dallas 1993, no pet.) (no express finding required when trial court properly admonished defendant and accepted his guilty plea "to the indictment" that charged him with using a deadly weapon).

Nevertheless, even if the trial court erred by not making an oral pronouncement of a deadly weapon finding, we conclude any error would not warrant a reversal because it was harmless. Tex. R. App. P. 44.2(b). When a defendant has been convicted of one of several offenses that are statutorily designated to be subject to the same limitations on parole eligibility that apply when a deadly weapon finding has been specifically entered, the defendant's substantial rights are not affected. *Gilbert v. State*, No. 09-01-519CR, 2002 WL 1877173, at *2 (Tex. App.—Beaumont Aug. 14, 2002, no pet.) (per curiam) (not designated for publication); *Barnes v. State*, 56 S.W.3d 221, 240 (Tex. App.—Fort Worth 2001, pet. ref'd). Garza was convicted of aggravated robbery and he is

subject to the same limitations on parole eligibility regardless of the deadly weapon finding. *Compare* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F), (a)(2) (West Supp. 2014), with Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2014). Accordingly, the alleged error, if any, in entering the deadly weapon finding was harmless.[3]

Having overruled all of Garza's issues on appeal and finding no reversible error, we affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 27, 2014
Opinion Delivered December 10, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[3]We also reject Garza's invitation to reverse and remand in the "interest of justice," because we find no error or otherwise determine that the alleged error, if any, was otherwise harmless.